UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PMT NPL FINANCING 2015-1,

    Plaintiff,

    v.

THOMAS C. LEE, an individual, and DOES 1 though 10, inclusive,

    Defendants.

Case No. C17-01376RSL

ORDER OF REMAND

Plaintiff PMT NPL Financing 2015-1 filed this unlawful detainer action in state court. On April 6, 2017, defendant Thomas C. Lee removed the case to federal court pursuant to 28 U.S.C. §§ 1441(a)–1446, with particular reference to 28 U.S.C. § 1443(1). Mr. Lee alleges that federal jurisdiction arises from his Fourteenth Amendment defense and diversity of citizenship. On June 30, 2017, The Honorable Ricardo S. Martinez ordered this same litigation remanded to the Superior Court of Washington State in and for the County of King on the ground that the court lacked subject matter jurisdiction because defendant cannot create a federal question by asserting a federal defense and because defendant failed to establish the $75,000 threshold for diversity jurisdiction. The court found that the defendant did not have an objectively reasonable basis for removal and invited plaintiff to file a supplemental motion for attorneys' fees. Plaintiff did not file such a motion. See PMT NPL Financing 2015-1 v. Lee, C17-535RSM (W.D. Wash. June 30, 2017). On September 13, 2017, defendant once again removed the case to federal court, again alleging that the Court has jurisdiction based on the Fourteenth Amendment and diversity of

ORDER OF REMAND - 1

citizenship, using a functionally identical Notice of Removal (Dkt. #1).[1]

The removal statute, 28 U.S.C. § 1441, is construed restrictively: any doubts regarding the removability of a case will be resolved in favor of remanding the matter to state court. See, e.g., Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006); Hawaii ex rel. Louie v. HSBC Bank Nev., N.A., 761 F.3d 1027, 1034 (9th Cir. 2014). When a case is filed in state court, removal is typically proper if the case could have originally been brought in federal court, i.e., if the complaint raises a federal question or there is diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a), 1441; Wash. v. Chimei Innolux Corp., 659 F.3d 842, 847 (9th Cir. 2011). Certain civil rights cases may also be removed. 28 U.S.C. § 1443. The burden of establishing federal jurisdiction is on the removing party. Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009). It is therefore defendant's burden to show there is a federal question, that the requirements for diversity jurisdiction are met, or that this removal meets the narrow standard that applies to civil rights cases.

Federal question jurisdiction exists only when the plaintiff's well-pleaded complaint presents a federal question on its face. A "defense based upon federal law is insufficient to support jurisdiction." Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10–12 (1983)); accord Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). As the plaintiff's complaint rests entirely on state law, there is no federal question jurisdiction. The defendant cannot create federal question jurisdiction by the virtue of his own federal constitutional defenses.

In order to establish diversity jurisdiction, the defendant must show that the plaintiff

---

[1] The only distinction between the first Notice of Removal and the second Notice of Removal is the second contains the following addition: "Diversity in the instant case exists due to the diverse domiciles contained herein: Plaintiff's domicile is Washington state, whereas Defendant's domicile is in Florida."

claims damages greater than the jurisdictional requirement. This is satisfied if the plaintiff claims a sum greater than $75,000, or, if the plaintiff's damages sought are unclear, the defendant must provide the facts to prove the jurisdictional amount. Gaus v. Miles, Inc., 980 F.2d 564, 566–67 (9th Cir. 1992). In its complaint, plaintiff does not seek damages but rather a writ of restitution to restore possession of the premises and a decree "that any personal property left on the subject property by the Defendant . . . be deemed abandoned and valueless and authorizing the Plaintiff to take possession of such property or discard or destroy said property, as the Plaintiff shall see fit." Defendant provides no additional facts to prove the jurisdictional amount. There is no adequate basis for the Court to find that the jurisdictional amount is satisfied.[2]

The defendant also cites 28 U.S.C. § 1443(1) as a basis for removal. As a threshold matter, this statute requires that "the civil right allegedly denied must arise under a federal law 'providing for specific civil rights stated in terms of racial equality.'" California v. Dawodu, 122 F. App'x 884, 885 (9th Cir. 2004) (citing Johnson v. Mississippi, 421 U.S. 213, 219–20 (1975); Georgia v. Rachel, 384 U.S. 780 (1966)); accord City of Greenwood v. Peacock, 384 U.S. 808 (1966). Defendant's Equal Protection and Due Process allegations do not satisfy this threshold because the clauses are "phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that §1443 demands." Georgia v. Rachel, 384 U.S. 780, 792 (1966); accord California v. Dawodu, 122 F. App'x 884, 885 (9th Cir. 2004). Removal under 28 U.S.C. § 1443(1) is improper.[3]

"An order remanding the case may require payment of just costs and any actual expenses,

---

[2] It also appears that defendant is domiciled in Washington (Dkt. #1).

[3] Even assuming that the unlawful detainer action violated defendant's right to racial equality, defendant's removal under 28 U.S.C. § 1443(1) would still be improper. He has failed to establish that the state court could not enforce his right to racial equality because a Washington statute or constitutional provision purported to command the state court to ignore his federal right. Accord U.S. Bank Nat. Ass'n v. Azam, 582 F. App'x 710, 710–11 (9th Cir. 2014) (unlawful detainer case).

ORDER OF REMAND - 3            -3-

including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). At the time of the first order to remand, Judge Martinez found that the defendant did not have an objectively reasonable basis for removal as there was no case law supporting removal of a state unlawful detainer action or removal of an action based on federal law defenses. Defendant removes now on the same grounds as before, and no new case law supporting such removal has arisen in the months since the first removal and remand. Defendant therefore lacks an objectively reasonable basis for removal, and costs and fees to plaintiff incurred as a result of this second removal are appropriate.

In addition, bad faith litigation misconduct is sanctionable under the Court's inherent powers, Local Civil Rule 11(c), and Fed. R. Civ. P. 11. See Fink v. Gomez, 239 F.3d 989, 991–92 (9th Cir. 2001). The Court has the inherent authority "to sanction a party . . . if it acts in 'willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons,' as well as for 'willful[ ] abuse [of the] judicial processes.'" Gomez v. Vernon, 255 F.3d 1118, 1133-34 (9th Cir. 2001) (citing Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980)), cert. denied, 534 U.S. 1066, (2001). The Court has authority under Local Civil Rule 11(c) to sanction a party who "presents to the court unnecessary motions or unwarranted opposition . . ., or who otherwise so multiplies or obstructs the proceedings in a case." LCR 11(c); Cf. 28 U.S.C. § 1927. Rule 11 also provides a basis for sanctions where "a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." Siddiqui v. AG Commc'n Sys. Corp., 233 F. App'x 610, 613 (9th Cir. 2007) (citing Estate of Blue v. County of Los Angeles, 120 F.3d 982, 985 (9th Cir. 1997)). When faced with litigation abuses by a *pro se* party, a court "cannot . . . decline to impose a sanction, where a violation has arguably occurred, simply because plaintiff is proceeding *pro se*." Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994).

The sanctions that may be imposed under any or all of the above authorities include monetary sanctions and/or the imposition of a standing bar order that limits defendant's abilities to remove or file actions *pro se*. There being no objectively reasonable basis for the removal of an unlawful detainer action, much less a second removal in the same case, the Court finds and ORDERS that:

1. There is no basis for the exercise of federal jurisdiction. This matter is hereby REMANDED to the Superior Court of Washington State in and for the County of King. The Clerk of Court is directed to immediately transfer this case to state court, which shall have immediate and full jurisdiction over this matter notwithstanding the on-going sanction proceedings in this Court.

2. Plaintiff is entitled to an award of fees and costs associated with bringing this second Motion for Remand (Dkt. #10). No later than ten (10) days from the date of this Order, plaintiff may file an affidavit stating the reasonable fees and costs incurred.

3. Within thirty (30) days from the date of this Order, defendant Thomas C. Lee shall SHOW CAUSE as to why this Court should not impose sanctions, including the imposition of a pre-filing review procedure on any future attempts to remove this action from state court.

Dated this 10th day of January, 2018.

Robert S. Lasnik
United States District Judge